SNELLING v. LAMAR.

1. In 1843 a tract of land was conveyed to trustees in trust for the sole and separate use of a married woman during the joint lives of herself and her husband, and if she survived her husband, then in trust for the use of herself and such children as she might then have living, so long as she remained the widow of such husband ; and upon her death or remarriage the said property was to be divided *per stirpes* between her then surviving children and the issue of such as were then dead. *Held*, that upon the death of the husband, there was no further duty to be performed, or discretion to be exercised, by the trustees, and therefore the statute executed the use in his surviving widow and children.

2. A deed of feoffment, with livery of seizin, made by this widow and her then surviving children, barred the ultimate contingent remainders, and conveyed a good title to the feoffee.

3. If an estate be given to a woman during widowhood, she takes an estate for life determinable upon her remarriage.

Before WALLACE, J., Aiken, April, 1889.

The Circuit decree in this case, omitting the statement of facts, was as follows :

The question in the case is whether the interest of the plaintiff has been destroyed by the deed of feoffment *supra*. That Catharine Holley took an estate in the trust property for and during the joint lives of herself and husband, there can be no question, nor can there be any question that the legal title to the land remained in the trustees during the joint lives of Wade and Catharine. Any further interest of Catharine Holley, after the first estate should be determined, was contingent upon the death of her husband, and he having died and she survived, her previously contingent rights immediately attached, and a life estate vested in her. Fearne Con. Rem., p. 9, sec. 11.

Her living children also had a vested estate for the life of their mother. The legal estate during the joint lives of Catharine and Wade Holley had remained in the trustees because Catharine Holley was a married woman. When her husband died, however, the legal estate no longer remained in the trustees for that reason, nor does any other reason appear upon the face of the trust deed why the legal title should remain in the trustees. They are

charged with no duty whatever in connection with the property, but simply to hold it. Under the circumstances, the statute of uses would apply, and execute the use and vest the legal title in Catharine Holley and her living children. *Williman* v. *Holmes,* 4 Rich. E., 475; *Faber* v. *Police,* 10 S. C., 376; *McElwee* v. *Wheeler, Ibid.,* 402.

It, then, appears that Catharine Holley and her living children held a legal estate for the life of Catharine in the property in dispute. Their deed of feoffment, with livery of seizin, would therefore defeat contingent remainders to take effect upon the determination of their estate. See last three cases cited. What, then, was the interest of these plaintiffs in the trust property under the deed of trust? Upon the death of Catharine Holley and the determination of her estate, her living children were to take. Which child was to take was then uncertain, and would remain so until the death of the mother. The right of any child to take was contingent upon its living at the death of its mother. The right of the issue of a deceased child to take was contingent upon the death of its parents, because, if its parent was alive at the death of Catharine Holley, then the parent would take, and not what is described in the trust deed as issue. It is plain, therefore, under the case of *Faber* v. *Police, supra,* that the interest of the issue of Wade and Catharine Holley was contingent, and was, therefore, defeated by this deed of the life tenants.

It is therefore ordered, adjudged, and decreed, that the complaint be dismissed.

*Messrs. Croft & Chafee, O. C. Jordan,* and *Jno. R. Cloy,* for appellants, cited 2 *Wash. Real Prop.,* 466–469, 498, 588, 517, 583; *Shuler on-Wills,* 603; *Hill Trust,* 346–348; 16 *S. C.,* 548; 2 *Id.,* 133; 7 *Rich.,* 80; 1 *Hill,* 268; 1 *Speer,* 356; 3 *S. C.,* 100; 10 *Id.,* 387; 4 *Strob. Eq.,* 75; 3 *Rich.,* 467; 4 *Rich. Eq.,* 479; 29 *S. C.,* 135; 2 *Wash. Real Prop.,* 413.

*Messrs. Henderson Bros.,* contra.

February 13, 1890. The opinion of the court was delivered by MR. JUSTICE McIVER. The plaintiffs brought this action to

recover possession of an undivided interest in a tract of land now in possession of defendants: The facts out of which the controversy arises are not disputed, and may be stated, substantially, as follows: On the 16th of January, 1843, one Charles Holley conveyed the land now in question, together with other property, to certain trustees, in trust for the sole and separate use of Catharine Holley, the wife of Wade Holley, "for and during the joint lives of her, the said Catharine Holley, and her husband, the said Wade Holley; and in the event that she, the said Catharine Holley, should survive her said husband, Wade Holley, then the said * * * trustees are to hold all said property, real and personal, and the increase as aforesaid, to and for the use, benefit, and behoof of her, the said Catharine, and such children as she may then have living by the said Wade Holley, for, during, and so long as she shall live, or remain a widow of the said Wade Holley; and upon her death or intermarriage, whichever event shall first occur, then, and in that case, all of said estate and property and increase aforesaid are to be equally divided, share and share alike, between and among such children as she, the said Catharine, shall then have and leave living by the said Wade Holley, and the issue of such child or children as may be then deceased," the division to be *per stirpes* and not *per capita*.

Wade Holley predeceased his wife, Catharine, and after his death, to wit, on the 7th March, 1871, she, with her sons, C. P. Holley, G. W. Holley, and Lucius A. Holley, together with the daughter, Cornelia C. Snelling, and Cornelius S. Snelling, the husband of the daughter, made a deed of feoffment, with livery of seizin, for the land in controversy to another son, Christopher C. Holley, who conveyed the same to one Walker, and he in turn conveyed to the defendant, Carrie V. Lamar, the other defendant, Pinckney, being her tenant. About the same time, other deeds of feoffment with livery of seizin were made to the other children of Catharine Holley for portions of the tract of land embraced in the trust deed, probably for the purpose of thus making partition of the tract amongst the parties, who, it was supposed, would be entitled thereto. After these deeds of feoffment were made, and before the death of Catharine Holley, the said Cornelia C. Snelling departed this life, leaving as her only issue the plaintiffs

herein, and upon the death of Catharine Holley, they have brought this action, claiming as remaindermen under the trust deed.

The Circuit Judge held that while the legal estate remained in the trustees during the joint lives of Wade Holley and his wife, Catharine, in order to preserve the separate estate of the wife, yet upon the death of the husband there was no longer any necessity for the legal estate to remain in the trustees. as they no longer had any duty to perform which rendered it necessary for them to retain the legal estate, and therefore that the same, by the operation of the statute of uses, passed to Catharine Holley and her children then living, who thus became vested with a legal estate, for the life of Catharine, in the property in dispute, and their deed of feoffment, with livery of seizin, defeated the rights of the contingent remaindermen. He therefore rendered judgment that the complaint be dismissed.

From this judgment plaintiffs appeal upon the several grounds set out in the record, which need not be repeated here, as the only legal question really presented is whether his honor erred in holding that, upon the death of Wade Holley, the legal estate passed from the trustees to Catharine Holley and her children then living by the operation of the statute of uses; and this is the only question which has been argued here. It is true that the first ground of appeal imputes error to the Circuit Judge in stating that the land in controversy was conveyed, by deed of feoffment, with livery of seizin, to Cornelia C. Snelling, and that from her, through successive conveyances, the same came to the defendant, Carrie V. Lamar; whereas, in fact, the land was conveyed to Christopher C. Holley, as has hereinbefore been stated.

But this is manifestly a mere inadvertence, possibly a clerical error, and is wholly immaterial.

It is well settled, that where an estate in real property is conveyed to one for the use of, or in trust for, another, and no duty is imposed upon the trustee, for the proper performance of which it is necessary that the legal estate should remain in the trustee, such estate, by the operation of the statute of uses, will pass at once to the *cestui que trust*, or person for whose use the estate is conveyed; but when there is anything for the trustee to do, which renders it necessary that he should retain the legal title in

order fully to perform the duties imposed upon him by the instrument creating the trust, then the statute will not execute the use, as it is termed, and the legal estate will remain in the trustee. These principles have been so often determined, that it cannot now be necessary to do more than refer to some of the cases in which they have been settled. *Ramsay* v. *Marsh*, 2 McCord, 252; *Faber* v. *Police*, 10 S. C., 376; *Bristow* v. *McCall*, 16 *Id.*, 545; *Howard* v. *Henderson*, 18 *Id.*, 184; *Ayer* v. *Ritter*, 29 *Id.*, 135. So that the practical inquiry in this case is whether any duty was imposed upon the trustees by the trust deed above mentioned after the death of Wade Holley, the proper performance of which rendered it necessary that the legal estate should remain in them.

Turning to the deed, we find that in the event Catharine Holley survived her husband, as she did, then "such trustees are to hold all said property, real and personal, and the increase as aforesaid, to and for the use, benefit, and behoof of her, the said Catharine, and such children as she may then have living by the said Wade Holley, for, during, and so long as she shall live or remain a widow of the said Wade Holley; and upon her death or intermarriage, whichever event shall first occur, then, and in that case, all of said estate and property and increase aforesaid are to be equally divided, share and share alike, between and among such children as she, the said Catharine, shall then have and leave living by the said Wade Holley"—the issue of any deceased child to represent his, her, or their parent in such division. It is quite manifest that no duties are imposed upon the trustees, nor any discretion vested in them, which rendered it necessary that the legal estate should remain in them, and hence, under the rule above stated, the legal estate passed to the beneficiaries. They were not required to receive the rents and profits of the property, and pay them over to the beneficiaries, nor were they required to divide the property when the time for division arrived, and they were not directed to convey the estate, or the share therein, to the persons intended to be benefited thereby. So far as we can discover, the trustees were not invested with any discretion, nor clothed with any powers whatever—they were simply to hold the property until the time for division arrived.

The fact that the estate of Catharine Holley was limited to her widowhood, cannot affect the question. Such a limitation did not render it necessary that the legal estate should remain in the trustees, in order to preserve the succeeding trusts; for, by the terms of the deed, immediately upon the marriage of Catharine, her interest would at once have terminated, and the estate would have passed directly to the remaindermen, without any act on the part of the trustees, just as it would if her interest had terminated by her death.

The legal estate having thus passed to Catharine Holley and her then living children, their deed of feoffment, with livery of seizin, defeated the contingent remainders, and vested in their grantee, under whom the defendant, Carrie V. Lamar, claims a valid title. *Faber* v. *Police, supra; McElwee* v. *Wheeler*, 10 S. C., 392.

It is contended, however, that in order to enable a tenant in possession to bar contingent remainders by a deed of feoffment, with livery of seizin, such tenant must be seized of a freehold estate, and that Catharine Holley could not be seized of such an estate, as her interest under the deed was not a life estate absolute, but only on condition that she remained the widow of Wade Holley. But, as is said in 4 Kent Com., 126, "If an estate be given to a woman *dum sola* or *durante viduitate*, * * * the grantee takes an estate for life, but one that is determinable upon the happening of the event on which the contingency depends."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.