9851

McELVEEN ET AL. v. ADAMS.

(94 S. E. 733.)

1. Trusts—Creation—Pay Roll.—Where a mother delivered to her
son $795, which she orally instructed him to hold and disburse as
follows: (1) To give her from time to time so much thereof as
needed for her support; (2) to pay her debts during her lifetime,
and, after her decease, the debts of her estate; (3) to divide the
remainder among certain parties named—a trust by parol was cre-
ated in favor of the beneficiaries.

2. Trusts—Revocation—Will.—A trust under which the rights of
the beneficiaries have become vested cannot be revoked by a will.

3. Trusts—Validity—Provisions.—That a trust contains provisions
that cannot be executed until the death of the maker of the trust
does not affect its validity.

4. Executors and Administrators—Executor De Son Tort—Credit
for Debts Paid.—If one occupying a position of executor de son
tort pays, under Civ. Code 1912, sec. 3621, just debts of an estate,
he is entitled to deduct the same from a verdict against himself and
in favor of the executor.

Before Memminger, J., Kingstree, April, 1917. Re-
versed.

Action by S. B. McElveen and another, as executors of
the will of Mary L. Adams, deceased, against J. P. Adams.

Messrs. Kelly & Hinds, for appellant, cite: As to title of
executors under will: Dud. 6; 7 A. M. & Eng. Ency. 170; 1
Williams on Executors 112; 18 Cyc. 55; 13 Howard 466
(14 L. Ed., U. S. 226). An express trust in personal prop-
erty may be created by parol: 39 Cyc. 51; 14 S. C. 210; 11
S. C. Eq. 598; 24 S. C. Eq. 398; 47 S. C. 322. When a
trust is perfectly created, it can only be revoked by the full
consent of all parties in interest: Perry on Trusts, sec. 104;
39 Cyc. 92, and citations; 47 S. C. 323; 11 S. C. Eq. 483;
55 Am. St. Rep. 43; 15 L. R. A. 75; 20 L. R. A. 362; 34 L.
R. A. 707; 44 L. R. A. 543; 52 L. R. A. 874; 55 Am. Rep.
446; 52 Am. Rep. 41; 11 S. C. Eq. 598; 35 Am. St. Rep.
783; 24 Am. St. Rep. 454; 24 S. E. 364; 39 Cyc. 70, and

citations. *"A trust does not terminate on the death of the settler:"* 39 Cyc. 100, and cases cited. *As to ruling on sufficiency of defense, without demurrer on motion:* 74 S. C. 208..

*Messrs. Stoll, Stoll & O'Bryan,* for respondents, submit: *We respectfully submit that although the money was not specifically mentioned in the will, the executors as the legal representatives of Mrs. Adams are entitled to same: "The executor or administrator becomes vested with the title to all corporeal personal property or things in possession, and visible or tangible, such as cash, household provisions, furniture, .etc., also with the title to incorporeal property or things in action, * * *."* 18 Cyc. 173. *The second question presented by the appeal is: Was an express trust created in defendant in reference to the money in question? "Express trusts are those created by the direct and positive acts of the parties, by some writing or deed, or will, or by words either expressed or implied evincing an intention to create a trust:"* 39 Cyc. 24.

December 24, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action to recover the sum of $795, alleged to be the property of Mrs. Mary L. Adams' estate, of which the plaintiffs are the executors.

The complaint alleges that prior to the death of said testatrix she delivered to the defendant the sum of $795 for the purpose of depositing the same in some bank to the account of the said testatrix; that the testatrix died without making use of said fund; that the defendant failed to deposit said sum as directed by her, and is now in the possession thereof; that said fund should be turned over to the plaintiffs as executors of said estate; that, although demand has been made upon the said defendant, he refused to deliver the same to the plaintiffs.

The defendant denied the allegation of the complaint, and alleged by way of defense that on or about the 29th of January, 1915, the testatrix, who was his mother, delivered to him the said sum of money, for the following uses and purposes, to wit: That the same be held, kept, and disposed of by this defendant as follows: (1) To give her, the said Mary L. Adams, from time to time, so much thereof as she needed for her support and comfort; (2) to pay her debts during her lifetime, and the debts and obligations of her estate after her death; and (3) to divide the remainder, if any, among B. E. Adams, Lily Fulton, D. S. Adams, S. H. Adams and this defendant—that this defendant paid to her during her lifetime various sums of money, at her request; that he has paid all her debts, and the debts and obligations of her estate, including the expenses of her last illness, and her burial expenses, aggregating $670, leaving in his hands a balance of $125.

His Honor, the Circuit Judge, charged the jury that the defendant was liable for the amount received by him from the testatrix, after deducting therefrom such sums as he had expended, under her direction, prior to her death, but not those expenditures made after her death.

The jury rendered a verdict in favor of the plaintiff for $772, and the defendant appealed.

The first question that will be considered is whether the words used by the testatrix when she delivered the fund to the defendant were sufficient to create a trust. The authoritis cited in the argument of the appellant's attorneys fully sustain the proposition that a trust in personalty may be created by parol, and cannot thereafter be revoked, except by consent of all the parties in interest. Applying those principles to this case, the trust as alleged in the answer was sufficient in form to create vested rights in the beneficiaries.

The next question is whether the plaintiffs are entitled to the possession and control of the money in dispute. It is

contended that it would be inconsistent with the will to give effect to the language of the testatrix accompanying the delivery of the fund in question, as the will provides for the payment in full of all her debts and funeral expenses, and also contains this provision: "I want the residue of my personal property, such as household and kitchen furniture, farm implements, such as plows, hoes, rakes, wagons, horses, mules, cows, hogs or anything in this line that belongs to my estate, to be equally divided between Samuel H. Adams, Robert E. Adams, James P. Adams, Laura E. Adams, C. W. Adams, David S. Adams, Lily Viola Fulton and Rebecca Alice Epps, so they shall share and share alike."

His Honor, the Circuit Judge, held that the terms of the will, although it is very inartistically drawn, includes moneys belonging to the testatrix at the time of her death. It is true she had a beneficial interest in the money, but it cannot be successfully contended that she had such title thereto as to vest the right of possession in her executors. The rights of the beneficiaries under the trust became vested when it was created; and by its terms both the legal title and the right to the custody of the money were in the defendant, subject to the provisions of the trust. As the trust was irrevocable, the testatrix could not deprive the beneficiaries of their rights, which were paramount to those created by her will. If the defendant had failed to execute the trust, by paying the debts therein mentioned, it would have been the duty of the executors to institute the necessary proceedings for the enforcement of such action on the part of the defendants.

The fact that some of the provisions of the trust could not be executed until the death of the testatrix did not affect the validity of the trust.

There is another reason why there was error in the ruling that the executors had the right to recover from the defend-

ant the amount of the fund in his hands at the time of the death of the testatrix, *although he expended the same in paying debts for which the estate was liable.* Section 3621 of the Code of Laws of 1912 is as follows:

"Any person who shall obtain, receive and have any goods or debts of any person dying intestate, or a release or other discharge of any debt or duty that belonged to the intestate, upon any fraud, or without such valuable consideration as shall amount to the value of the same goods or debts, or near thereabouts (except it be in or towards satisfaction of some just and principal debt of the value of the same goods or debts to him owing by the intestate at the time of his decease), shall be charged and chargeable as executor of his wrong, so far as such goods and debts coming to his hands, or whereof he is released or discharged by such administrator, will satisfy, deducting, nevertheless, to and for himself, allowance of all just, due, and principal debts upon good consideration, without fraud, owing to him by the intestate at the time of his decease, and of all other payments made by him, which lawful executors or administrators may and ought to have and pay, by the laws and statutes of this State."

It is not contended that the debts satisfied by the defendant, after the death of the testatrix, were not such as should have been paid by the executors, "by the laws and statutes of this State." Therefore, even if the defendant had occupied the position of an executor *de son tort,* the amount thus paid by him should have been deducted from amount of the verdict.

Although there was error in the charge of his Honor, the presiding Judge, it will not be necessary to grant a new trial. The plaintiffs have not shown a right to the fund in the hands of the defendant or to any part thereof; and, as already stated, they have the right to enforce the trust to the extent of requiring the defendant to pay the debts of the

estate. The testimony, however, shows that he has already done so; hence they have failed to establish a cause of action against him. He is liable to account in equity for the balance of the funds in his hands to the *cestui que trustent,* but not to the plaintiffs.

Judgment reversed.