13298

BASS *ET AL.* v. ADAMS *ET AL.* (2 cases)
WALKER *ET AL. v.* PEAKE *ET AL.*

(161 S. E., 697.)

382

388

394

*Messrs. Sawyer & Sawyer for Union Insurance & Trust Company, as Trustee,* appellant,

*Mr. Macbeth Young for Mutual Holding Company,* appellant,

*Mr. J. Gordon Hughes, for Mutual Holding Company,* appellant,

*Mr. John D. Long, for Mutual Holding Company,* appellant,

*Messrs. Thomas & Going,* for appellants.

*Messrs. L. G. Southard, P. D. Barron* and *John K. Hamblin,* for respondents,

*Mr. John K. Hamblin,* for respondent,

December 21, 1931.

The opinion of the Court was delivered by Mr. Justice Carter.

As disclosed by the transcript of record in this cause, there are three appeals involved. The first presented for our consideration is the appeal in the case of A. S. Bass et al., on behalf of themselves and all other depositors of the *Citizens' Bank & Trust Company, v. L. T. Adams et al.,* alleged stockholders of the Citizens' Bank & Trust Company, wherein C. H. Peake, B. B. Going, E. L. Littlejohn, and C. K. Morgan, constituting the Mutual Holding Company, are appellants, appealing from a decree issued in the cause by his Honor, Judge T. S. Sease. The second involves the same case, wherein the defendants, James R. Farr, as executor of the will of F. M. Farr, deceased, and the Union Insurance & Trust Company, as trustees of Mrs. Julia R. Farr, are the appellants, appealing from the said decree of his Honor,

Judge T. S. Sease, as to their rights. The third appeal is in the case of *J. F. Walker et al., Receivers of the Citizens'* *Bank & Trust Company, v. C. H. Peake et al.*, Composing Copartnership of the Mutual Holding Company, in which case all of the defendants are appealing from judgment entered on the verdict of the jury rendered under the direction of the trial Judge, Hon. S. W. G. Shipp.

The action first above mentioned, commenced in the Court of Common Pleas for Union County, February, 1928, instituted by the depositors against the stockholders of the alleged insolvent bank, is in the usual form for recovery of the stockholders' liability provided for under the law of this State. Issues being joined, the case was referred to Hon. A. G. Kennedy, Probate Judge, ex-officio Master for Union County, to take the testimony and pass upon all issues of law and fact and report his findings to the Court.

In compliance with the order of the Court, the Master held references in the case, took the testimony offered, and reported the same to the Court, together with his findings. From this report, holding the Mutual Holding Company liable, the said company appealed. The Master held that the defendants, Union Insurance & Trust Company, as trustee for Mrs. Julia R. Farr, and James R. Farr, as executor of the last will and testament of F. M. Farr, deceased, were not liable for the alleged · stockholders' liability and from this finding of the Master the respondents appealed. The case was heard on the report of the Master and the exceptions thereto before his Honor, Judge T. S. Sease, who issued his decree in the cause dated March 7, 1930, reversing the Master to the extent that the Master held that the defendants Union Insurance & Trust Company, as trustee for Mrs. Julia R. Farr, and James R. Farr, as executor of the last will and testament of F. M. Farr, were not liable, but affirmed the report of the Master in all other respects, thereby holding that all of the defendants involved before this Court were liable as stockholders in the insolvent bank,

Citizens' Bank & Trust Company, for the stockholders' liability provided by law, the specific amount alleged in the complaint.

From the decree of his Honor, Judge Sease, the said defendants, Mutual Holding Company, and Union Insurance & Trust Company, as trustee for Mrs. Julia R. Farr, and James R. Farr, as executor of the last will and testament of F. M. Farr, deceased, have appealed to this Court; each set of defendants presenting separate exceptions.

Having given careful consideration to the questions raised by the exceptions in the several appeals, in connection with the record in the case, including the report of the Master and the decree of the Circuit Judge which contains a full statement of the issues involved, we find ourselves in accord with the conclusions reached by the Circuit Judge, except as they relate to the appeal of Union Insurance & Trust Company.

The appeal in the case of J. F. Walker et al., as receivers of the Citizens' Bank & Trust Company, against C. H. Peake et al., composing copartnership of the Mutual Holding Company, involves the validity of a note alleged to have been executed by the defendants to the said Citizens' Bank & Trust Company. The first step by the defendants in this case was the filing of a demurrer, which was sustained by his Honor, Judge Hayne F. Rice, but on appeal to this Court the order of Judge Rice, sustaining the demurrer, was reversed and the case remanded to the lower Court for further proceedings, consistent with the views expressed in the opinion of the Court written by Mr. Justice Cothran and reported in 153 S. C., 257, 150 S. E., 756, 757. Because of the full statement by the Court at that time of the facts surrounding the transaction involved and the law applicable· thereto, we deem it unnecessary to enter into a discussion of the same here. By their answer, the defendants, in effect, denied all of the material allegations of the complaint and, in addition, interposed several affirmative

defenses. When the case was called for trial, the plaintiffs demurred to defendants' answer, but Judge Shipp, before whom the case was tried, overruled the demurrer and ordered a jury impaneled and proceeded with the trial on the question of whether or not the defendants subscribed for the bank stock alleged. After taking the testimony on the issue involved, and at the conclusion of the same, Judge Shipp, on motion of plaintiffs' attorney, directed a verdict for the plaintiffs against the defendants for the amount demanded in the complaint, as amended. In our opinion, the only reasonable inference to be drawn from the testimony adduced at the trial is that the defendants subscribed for the bank stock in question, and we think that his Honor's ruling is amply sustained by the views expressed by this Court in the former opinion.

We are satisfied with the report of the Master as it relates to the question whether the trust estate created by Captain F. M. Farr for the benefit of his wife, of which trust estate the Citizens' National Bank was made trustee, was ever transferred, and became a part of the stock of the Citizens' Bank & Trust Company, created by the merger of the Citizens' National Bank and the Farmers' Bank & Trust Company. It is not necessary to add anything to the report of the Master in this respect. He conclusively demonstrates that the change of the investment of trust funds was never made, or attempted to be made, in the manner prescribed by the will of Captain Farr. It is attempted to be said by respondent that the Citizens' National Bank, the testamentary trustee, never relinquished its trust when it merged with the Farmers' Bank & Trust Company to form the Citizens' Bank & Trust Company. Then, if that be true, the bank thus created by the merger was never a legal bank, for it was necessary to count the stock held by the Citizens' National Bank as trustee for Mrs. Farr to make up the amount of capital stock necessary to create the new bank. It is true that no certificate of stock in the

merged bank was ever issued to the testamentary trustee or to the estate of Captain Farr.

It is sought to hold the trust estate liable as a stockholder under and by virtue of the provisions of the Act of the General Assembly of March 12, 1926 (34 St. at Large, p. 945), entitled "An Act to Enable a National Bank to become a State Bank under the Banking Laws of the State of South Carolina, etc." An analysis of the Act discloses that if the national bank which thus changes its entity from a national to a state bank is trustee of a trust, it may continue to administer the trust just as it did before the change. But nowhere does the Act give the trustee the power to change the investment of the trust fund. If it is attempted to do so in the face of the express provisions of the instrument which created the trust, regulating the manner in which such change of investment shall be made, it would be illegal. No Court would sanction such usurpation of power. It does not need the citation of authority to sustain the position that the change of the investment of a trust fund can be made only by the provision of the instrument creating the trust—or by order of Court. Neither of these methods was adopted in this case.

We think the Circuit Judge was correct insofar as he sustained the report of the Master, and that he was in error insofar as he overruled the report, as it related to the trust estate of Mrs. Farr, and the estate of Captain F. M. Farr. These are not liable as stockholders of the Citizens' Bank & Trust Company.

The circuit decree is modified to conform to this ruling.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.