13683

LINDER *ET AL.* v. NICHOLSON BANK & TRUST CO. *ET AL.*

(170 S. E., 429)

*Messrs. J. G. Hughes* and *J. Clyde Going,* for appellants,

*Messrs. J. M. Wise, Sawyer & Sawyer* and *Barron, Barron & Walker*, for respondents,

August 25, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This action is one to have declared null and void, and to cancel on the record, a deed of conveyance to certain real estate made by Nicholson Bank & Trust Company to its co-defendant, Mrs. Johnnie Willey Cousar. The material facts, upon which it is based, as alleged in the complaint, are these:

William L. Linder, on April 25, 1913, executed and delivered to Nicholson Bank & Trust Company a deed to the involved premises, in fee simple, upon the following trusts and conditions: "In Trust, Nevertheless, for the following uses and purposes, and none other; that is to say, in trust to hold, manage, rent out, and collect the rents therefrom for a term of five years, and apply all such rents as follows: First, to pay the taxes and insurance and needed and proper repairs on the premises, to keep up my 5 shares of Building & Loan Association stock and my present Life Ins., paying all premiums thereon; and second, to the interest and principal of any indebtedness of mine to said Nicholson Bank & Trust Co., which now exists, or which I may in the meantime contract with them, if any; and to pay the interest, also the principal, if they have the funds on hand and think such advisable, on loan I have from the Life Insurance Company; and if at the expiration of such five years, I can satisfy said Nicholson Bank & Trust Company, that I am capable to properly manage my property, they to be the sole judges thereof, then to reconvey said premises to me, freed and discharged of all further trusts, and to pay over to me any surplus of the rents and profits on hand, if any; if however, I am unable at the expiration of such five years to satisfy my said trustees that I am capable of managing my property,

then and in such event, the said trust above created, and all of the provisions, duties, responsibilities and obligations thereof, are to continue the same for an additional period of five years; and at the expiration of such extended period, if extended as above provided, the said Nicholson Bank & Trust Company are to reconvey said premises to me (the said W. L. Linder), freed and discharged of all further trusts, and to pay over to me any surplus remaining of the rents and profits. In the event, however, of my death at any time before my said trustees reconvey said premises to me, as above provided, and not leaving a wife or wife and child or children, then and in such event, the said Nicholson Bank & Trust Company are to sell the premises hereby conveyed, freed and discharged from all further trusts, in such manner and upon such terms as they may deem best, and execute and deliver good and sufficient conveyance therefor, and after paying the expense of such sales and any indebtedness of mine remaining unpaid, if any, to pay the remainder over as follows, to wit: to my father, Dr. S. S. Linder, or his heirs, one-third (1-3) thereof, and to my mother, Mrs. F. E. Linder, the remaining two-thirds (2-3) thereof, freed and discharged from all trusts."

The trustee never reconveyed the premises to the donor, William L. Linder; that William L. Linder died on March 11, 1930, without having been married, and leaving, therefore, no wife or child; that he left of force and effect his last will and testament dated June 20, 1929, which was admitted to probate first on March 12, 1930, in common form, and later, on January 16, 1932, in due form of law; and that the defendant Mrs. Cousar was named as executrix of the instrument.

The first item of the will was as follows: "In compliance with my Mother's wishes and as a token of love, gratitude and esteem on my own behalf, after the Payment of all my just debts and funeral expenses, including a simple marker for my grave giving the date of my birth and death, I do

hereby give, devise and bequeath all of my property and estate of every kind and nature whatsoever unto my beloved cousin, Mrs. Johnnie Willey Cousar, absolutely and in fee simple, with the exception of provisions hereinafter stipulated: viz. One Thousand ($1,000.00) Dollars each in cash or in property value shall be paid to the following cousins: Mrs. Edith Lyles Hill, Mrs. Helen Linder Bogan and Mr. Aromanas Coleman Lyles."

On August 12, 1930, Nicholson Bank & Trust Company, as trustee, under the mentioned trust deed, executed and delivered to Mrs. Cousar its deed, conveying in fee simple the lands conveyed by the trust deed.

Dr. S. S. Linder, the father of William L. Linder, mentioned in the trust deed, predeceased the donor, William L. Linder, and the plaintiffs are his heirs at law.

William L. Linder never, from the date of the trust deed up to the time of his death, even attempted to satisfy his trustee that he was capable of managing the property; that, after the expiration of the second five-year period provided for in the deed, he acquiesced in, and requested his trustee to continue to control and manage the property during his life; that, William L. Linder having died without having received a reconveyance of his property, and without leaving a wife or child, it was the duty of the trustee to sell the property covered by the trust deed and to pay one-third of the proceeds of sale to the plaintiffs as heirs at law of Dr. S. S. Linder; that the deed of the trustee to Mrs. Cousar was improvidently and illegally made, and the same should be canceled.

The defendants interposed a demurrer to the complaint on two grounds, namely:

"1. That it appears upon the face of the complaint that it fails to state facts sufficient to constitute a cause of action in favor of the plaintiffs against the defendants in that it appears on the face of the complaint that the written instrument which is the basis of the plaintiffs' alleged cause

of action and which is set out in complaint as part thereof, expired by its own limitation on the 25th day of April, 1923, almost seven (7) years prior to the death of Dr. W. L. Linder, the maker of said written instrument and beneficiary thereunder.

"2. That it further appears upon the face of the complaint that it fails to state facts sufficient to constitute a cause of action in favor of the plaintiffs against the defendants in that complaint shows upon its face that the written instrument, which is the basis of the plaintiffs' alleged cause of action and which is set out in the complaint as part thereof, was formally and completely revoked by the will of Dr. W. L. Linder which is dated June 20, 1929, which is set out in complaint as part thereof, and which was admitted to probate in common form on, or about the 11th day of March, 1930, and in due form of law on the 16th day of January, 1932, the said Dr. W. L. Linder being the maker of said written instrument and beneficiary thereunder."

His Honor, Circuit Judge Sease, who heard the matter, sustained both the grounds of demurrer and dismissed the complaint. From his order thereon, the plaintiffs have appealed.

That there was no error on the part of the learned Circuit Judge in sustaining the demurrer on the first ground there is, we think, no doubt.

By the express terms of the trust deed, the trust was to continue for a period of five years, and, upon the expiration of that period, the trust was to terminate, and the trustee was to reconvey the trust property to the donor, freed and discharged of all further trusts and to pay over to him the surplus of the rents and profits, if any, provided the donor could convince the trustee of his ability properly to manage his property. But, if the donor was unable to so convince the trustee, then the trust, with all the provisions, duties, responsibilities, and obligations, was to continue for an additional period of five years. In case of extension of the trust

for the additional period of five years, upon the expiration of such extended period, the trustee was to reconvey the trust property to the donor, freed and discharged of all further trusts, and to pay over to him any surplus of the rents and profits. Since there was no effort to convince the trustee of the donor's ability properly to manage his property upon the expiration of the first five-year period, the trust was extended for an additional five-year period.

■ The creator of a trust may, subject to the rule against perpetuities, specifically prescribe the duration of the trust, in which case it will ordinarily continue for the time stipulated, and terminate upon the expiration of such period. 39 Cyc., 95.

Upon the expiration of the second five-year period, the trust terminated, and it was the duty of the trustee to then and there reconvey the trust property to the donor and pay over to him any surplus of rents and profits. During the first five-year period, the trustee had definitely enumerated duties to perform, which made the trust an active one. 39 Cyc., 30. These same duties rested upon the trustee during the second five-year period, after the extension of the trust for an additional five years. Upon the expiration of the second five-year period, no further duty rested upon the trustee in relation to the trust property, except to reconvey the same to the donor and account to him for any surplus of rents and profits. The fact that it did not then discharge its duty did not enlarge its powers or confer upon it duties in relation to the trust property other than that of reconveying the same and accounting for the rents and profits.

■ We think it impossible to agree with the position that the deed of trust could be altered by parol agreement.

Since the duration of the trust was expressly limited to a maximum period of ten years, and since the trustee was expressly required to reconvey the trust property to the donor upon the expiration of the ten years, it follows that the provision in the trust deed to the effect that, in the event

of the death of the donor at any time before the trustee made the reconveyance to him, without leaving a wife, or child, the trustee should sell the trust property and divide the proceeds as directed, meant death at any time during one of the five-year periods and not to death at a time beyond the expiration of the second five-year period.

As the death of the donor did not take place during either of the five-year periods, the plaintiffs never acquired any vested right or interest under the trust deed. Death of the donor during one of the five-year periods, without leaving a wife or child, was a condition precedent to the vesting of any interest or right, under the trust deed, in the plaintiffs.

The trust having terminated upon the expiration of the second five-year period, there was thereafter no trust to be revoked by will or otherwise. The Circuit Judge having held that the trust ended and terminated at the expiration of the second five-year period, it was unnecessary for him to consider the question of revocation of the trust by the will of the donor, since there could be no revocation of that which did not exist. The will was rather a recognition of the previously terminated trust than a revocation thereof.

The active duties imposed by the trust deed upon the trustee during the duration of the trust periods prevented the statute of uses from executing the trust during such periods. The only duty imposed by the trust deed upon the trustee, to be performed after the expiration of the second five-year period, was to reconvey the trust property to the donor and account to him for the surplus rents and profits. As to the trust property itself, the only duty imposed on the trustee was to reconvey the same to the donor. Did this duty prevent the operation of the statute?

It is well-settled law in this State that, where the trustee is charged with the duty to convey, such duty prevents the statutes of uses from executing the use and transferring the legal title in the *cestui que* trust. *Huckabee v. Newton,* 23 S. C., 291; *Wieters v. Timmons,* 25 S. C., 488, 1 S. E., 1;

*Bowen v. Humphreys,* 24 S. C., 452; *Ayer v. Ritter,* 29 S. C., 135, 7 S. E., 53; *Holmes v. Pickett,* 51 S. C., 271, 29 S. E., 82; *Steele v. Smith,* 84 S. C., 464, 66 S. E., 200, 29 L. R. A. (N. S.), 939; *Snelling v. Lamar,* 32 S. C., 72, 10 S. E., 825, 17 Am. St. Rep., 835; *Carrigan v. Drake,* 36 S. C., 354, 15 S. E., 339; *Pope v. Patterson,* 78 S. C., 334, 58 S. E., ·945; *Breeden v. More,* 82 S. C., 534, 64 S. E., 604; *Boney v. Cornwell,* 121 S. C., 256, 113 S. E., 686. In all these cases, however, the duty imposed upon the trustee was to convey the trust property to some party other than to the donor.

Since the plaintiffs acquired no vested rights under the trust deed during either of the five-year periods, and since all possibility of acquiring any rights under that instrument ended upon the termination of the second five-year period, it is clear that the trust property became the absolute property of the donor upon the expiration of the second five-year period. Had the trustee then performed the duty it was required to do by the express terms of the trust deed, viz., reconvey the trust property to the donor, that would have ended the matter. The donor being the ˊsole *cestui que* trust after the termination of the second five-year period, we are inclined to think that the duty to reconvey to the donor was not such a duty that would prevent the statute from operating, as we are unwilling to extend the rule further than recognized in the cited cases. There is good reason in requiring a conveyance to vest the legal title in third parties, but we can see no such reason to revest the donor with the legal title to the property after the termination of the trust.

But, had the statute not executed the use, there can be no doubt but that the donor was the sole beneficiary or *cestui que* trust after the termination of the second five-year period. The express trust having terminated, there was a resulting trust in favor of the original donor, and the original trustee held the legal title in trust for him. 39 Cyc., 109.

Since the original donor was the equitable owner of the trust property, he could have required the trustee to convey the property to him at any time he may have so desired. Being the equitable owner of the trust property, he had the right to dispose thereof by will, whether he held the legal title or not. *Schmidt v. Schmidt,* 7 Rich. Eq. (28 S. C. Eq.), 201, 39 Cyc., 202. He devised and bequeathed all his property and his estate of every kind whatsoever (with exception of the specific legacies) to the defendant Mrs. Johnnie Willey Cousar, absolutely and in fee simple. This was sufficient to transmit the property embraced in the trust deed to Mrs. Cousar, whether the testator had the legal title to the property or not. If he did not have the legal title, Mrs. Cousar had the same right to require Nicholson Bank & Trust Company to convey the same to her that William L. Linder had after the expiration of the trust term to require a reconveyance thereof to him. Nicholson Bank & Trust Company did that which Mrs. Cousar had the right to require it to do.

The judgment of this Court is that the order of the Circuit Judge sustaining the demurrer on the first ground interposed be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BONHAM (dissenting): I am unable to give my assent to the conclusions reached by the Chief Justice in the main opinion, and I must, in justice to my own convictions, set forth, briefly, the grounds of my dissent.

It must be borne in mind that we are dealing with a demurrer to a complaint and not with the case on its merits. Under the rule, the allegations of the complaint are taken to be true. It is gleaned from the complaint that Dr. W. L. Linder conveyed his property, consisting of real estate situate in the City of Union, S. C., to Nicholson Bank & Trust Company, in trust, to hold and manage and rent and collect the rents for a period of five years, and apply the rents as

directed by the deed of trust; the deed contained this further provision:

"And if at the expiration of five years I can satisfy the said Nicholson Bank and Trust Company, that I am able to properly manage my property, *they to be the sole judges thereof* (italics mine), then to reconvey said premises to me, freed and discharged of all further trusts, * * * if, *however,* I am unable at the expiration of five years to satisfy my said trustees that I am capable of managing my property, then, and in such event *the said trust, above created, and all the duties, responsibilities and obligations* (italics mine), to continue the same for an additional period of five years."

At the expiration of which time the trustee should reconvey the property to Dr. Linder freed and discharged from the trust. *If, however, he should die before the property be reconveyed to him, the trustee should sell the property, "and execute and deliver good and sufficient conveyance therefor."* (Italics mine.) He directed that the remainder of the proceeds of sale be paid one-third to his father, Dr. S. S. Linder, or his heirs, and two-thirds to his mother, Mrs. F. E. Linder.

It appears from the complaint that the father, Dr. S. S. Linder, and the mother, Mrs. F. E. Linder, died before the death of Dr. W. L. Linder. It further appears from the allegations of the complaint: "That the said William L. Linder never, from the execution and delivery of the deed, even attempted to satisfy his said trustee that he was capable of managing his aforesaid property, as plaintiffs are informed and believe; that though the original and extended periods of such aforesaid trustee deed expired long before the death of the said William L. Linder, *yet he acquiesced in, and requested his trustee, before mentioned, to continue to control and manage his aforesaid property under such trust deed throughout his life, and died without having had, or having*

*requested, a reconveyance from his said trustee, as plaintiffs are informed and believe."* (Italics added.)

The plaintiffs, who are the half brother and sister of Dr. W. L. Linder, are the only heirs at law of Dr. S. S. Linder, and are entitled under the deed of trust to the one-third of the net proceeds of the sale of the trust property given to Dr. S. S. Linder; that Dr. W. L. Linder died leaving of force a will by which he devised all of the property covered by the deed of trust, except certain specific legacies of money, to Mrs. Johnnie Willey Cousar, his cousin. The trustee has conveyed the property by deed in fee simple to Mrs. Cousar. This action is brought to set aside this deed, to require the trustee to sell the property and pay the plaintiffs one-third of the net proceeds of sale, and two-thirds thereof to the estate of Dr. W. L. Linder.

The demurrer is based on the grounds that it appears on the face of the complaint that the deed of trust had expired by its limitation on the 25th day of April, 1923; and that the deed was revoked by the will of Dr. W. L. Linder.

Argument on the demurrer was heard by Judge Sease, who sustained it, holding that: "The trust deed by its own terms fixed the duration of the trust, and, at the expiration of the ten-year period therein, declared the trust ended and terminated and became an executed trust and the title vested in the said William L. Linder and passed under his last will and testament. I further hold that the said last will and testament was a complete and formal revocation of the existence of such trust."

The appeal is from this order. The main opinion affirms it. Both the order and the main opinion, it appears to me, ignore the fact that we are dealing with a demurrer, in the consideration of which it must be taken as granted that the allegations of the complaint are true.

It is specifically alleged in the complaint that, at the expiration of the second five-year period of the trust, Dr. Linder

not only did not demand a reconveyance of the property to him, but he acquiesced in the continued control and management thereof, *and requested the trustee to continue to control and manage it under such trust deed throughout his life, and died without having had, or having requested, a reconveyance from his trustee.* Surely it will not be denied that Dr. Linder could waive the reconveyance to him at the expiration of the ten-year period, and here is the allegation of the complaint, admitted by the demurrer to be true, that he did waive it. The main opinion holds that the rights of the plaintiffs were dependent upon the contingency that Dr. W. L. Linder should die before the expiration of the ten-year period, and before the reconveyance to him. The contention is illogical. He had no right to demand a reconveyance until after the expiration of the ten-year period; it could not be reconveyed till after that time. He could have compelled it after that time, but he did not wish it reconveyed and *requested* the trustee to continue to hold and manage it under the terms of the deed of trust. When Dr. Linder provided by his trust deed that, after the expiration of the five-year period, if he failed to satisfy the trustee that he was capable of managing his property, the trust should continue for another five years *with all of the provisions, duties, responsibilities and obligations thereof,* he knew that one of the responsibilities and obligations of the trustee was to determine whether he was capable of managing his property; and he knew that he had made the trustee bank the sole judge of that question. Then I submit that that duty and obligation remained at the end of the second five-year period. It seems an inevitable conclusion that he and the trustee knew at that time that he was not able to manage his property properly; and hence he did not demand a reconveyance, but requested the trustee to continue in the trust. And the trustee did so continue till Dr. Linder died, a period of seven years.

I cannot see how it can be doubted that the trust was an active one, and that the title to the property was in the trustee bank.

The trust deed provided, not that if Dr. Linder died during the ten-year period, the trustee should sell the land, but that, if he died before the property was reconveyed to him, then the trustee should sell it and divide the proceeds as directed by the deed. It is uncontradicted that the property was never reconveyed to him, and it is alleged by the complaint, and admitted by the demurrer, that the trustee continued in active discharge of the trust at Linder's request. The entirely reasonable deduction is that it was not reconveyed because he did not wish it done, he waived it. He knew he had the right to have it done, and he voluntarily relinquished that right. That is waiver. The rights of these plaintiffs were fixed by his death without his having had the property reconveyed to him.

I quote with approval from appellant's brief the following:

"A *cestui que* trust, who is competent to act for himself, may be estopped or waive his right to enforce a trust in his favor, by words or acts on his part which show an expressed or implied intention to abandon, or not to rely on such trust." 39 Cyc., 519, 520.

"Manifestly a trust agreement, like any contract, may be modified by all the parties in interest." *Klugh v. Seminole Securities Co.,* 103 S. C., 155, 87 S. E., 644, 646.

The title was in the trustee; the plaintiff's rights accrued to them under the deed by which the trustee acquired the title. How, then, could Dr. Linder devise it and deprive the plaintiffs of their rights?

In the case of *McElveen v. Adams,* 108 S. C., 437, 94 S. E., 733, 734, it appears that Mrs. Adams delivered to her son a sum of money for certain purposes named by her, the remainder to be paid to certain of her heirs at law. This was held to create a parol trust. She left a will which at-

tempted to dispose of this money other than as provided by the trust. On appeal this Court said: "The rights of the beneficiaries under the trust became vested when it was created; and by its terms both the legal title and the right to the custody of the money were in the defendant [the trustee], subject to the provisions of the trust. As the trust was irrevocable, the testatrix could not deprive the beneficiaries of their rights, which were paramount to those created by her will."

So, in the case at bar, plaintiff's rights became vested when Dr. Linder died without having the property reconveyed to him; his will, which could speak only after his death, could not deprive them of their vested rights which then accrued. In the case of *Huguenin v. Adams,* 110 S. C., 407, 96 S. E., 918, 921, this Court said in the quaint, but forceful, language of Mr. Justice Gage: "But the appellants contend that, even though the deed be held valid, yet the maker of it has revoked and annulled it by her subsequent deed to E. C. L. Adams and by her will executed in 1915.  *  *  *  No authority is cited to sustain that postulate. A thing lawfully done cannot be undone in such fashion. It is true Mrs. Huguenin undertook, by deed and by will, to ignore the deed she had aforetime made to Julius H. Adams. How that came about it is not relevant to inquire. It is sufficient to say that her action to that end was abortive."

The trustee was active at the request of Dr. Linder for seven years after the expiration of the ten-year period, and continued so to the day of the death of Dr. Linder; all of that time the trustee was actively engaged in the duties of the trust. Hence the title remained in the trustee. Evidently the trustee recognized this, and evidently Mrs. Cousar recognized it, for she procured a deed from the trustee, although it is now said she acquired title under the will of Dr. Linder. It cannot be denied that the title was in the trustee when Dr. Linder died—and it could be divested of it only in the way

prescribed by the deed which created the trust, viz., to sell the land and divide the proceeds.

In the case of *Dumas v. Carroll,* 112 S. C., 294, 99 S. E., 801, that able Judge, Mr. Justice Hydrick, discussed this question and reviewed the authorities at length, and laid down the principle that:

"Where husband conveyed land in trust for wife to be conveyed by trustee to persons designated in wife's will, wife's deed did not convey legal title; the legal title being in trustee. * * *

"Where instrument creating a power specifies the nature of the instrument by which, it may be executed, as where it is to be executed by will, or by deed, the power can be exercised only in the manner specified."

In the present case the deed of trust specifically prescribes that the trustee must sell the property and make deed to the purchaser. It has no power to convey except as thus directed.

This Court in the case of *Crayton v. Fowler,* 140 S. C., 517, 139 S. E., 161, held the trustee to accountability because he invested trust funds in a mortgage of, rather than in purchase of, real estate, as required by the deed of trust.

In the case of *Bass v. Adams et al.,* 163 S. C., 381, 161 S. E., 697, this Court held that bank stock held in trust could not be reinvested except in the manner directed by the instrument which created the trust.

In short, Dr. Linder could not devise the property because the title was not in him, and the trustee could not convey it except in the manner prescribed by the deed of trust. Dr. Linder died without having had the property reconveyed to him; he waived the right to do so; hence that condition arose which under the deed vested in plaintiffs the rights they claim in this action. They became vested before the devise to Mrs. Cousar could take effect and were not divested by the will.

The order appealed from should be reversed.