9152

HENDRICKS *ET AL.* v. TEMPLE *ET AL.*

(85 S. E. 961.)

DEVISE—LIMITATIONS OF ESTATE.—A devise of lands to E. during her natural life, or widowhood, with direction on the event of her marriage or death, the lands be sold; and she or her heirs then given one-third of the proceeds of sale, the other two-thirds being then given to third parties, gives to E. no more than a life estate, liable to be divested upon her marriage, in which event the lands were to be sold, and one-third of the proceeds of sale given her.

Before MOORE, J., Abbeville, April, 1915.   Affirmed.

Action by J. F. Hendricks, N. B. Hendricks, F. B. O'Dell, Mrs. N. L. Williams, J. P. O'Dell, L. B. O'Dell, James A. O'Dell, Gussie Couch, Pearl Cummings, A. W. Cummings, R. J. Hendricks, A. E. Hendricks, plaintiffs against P. C. Temple, in his own right, and B. H. Callaham and M. E. Robinson, as administrators with the will annexed of Basil Callaham, deceased; A. F. Carwile and P. C. Temple, as executors of the will of Mrs. Eliza A. Callaham, deceased, defendants.    From a decree in favor of plaintiff the defendant, Temple, appeals.    The facts are stated in the opinion of the Court.

In his decree the Circuit Judge held:

"The underlying question of the case is this: What interest did Eliza A. Callaham take under the will of Basil Callaham in the two hundred and sixteen acres of land?    It seems to me clear that she took nothing more than a life estate unless she should marry, when she was to have one-third of the proceeds of the sale of the land.    If she did not marry, the executors at her death were to sell the land and pay one-third of the proceeds to her heirs.    Without quoting authorities, it is sufficient to say that this estate does not fall within the rule in Shelley's case.    Probably the case of *Banister* v. *Bull,* 16 S. C. 220, is clearer on this subject than any other case in our report.    Applying the principles of that case, I think Eliza A. Callaham had only a life estate in the lands devised to her by the will of Basil Callaham, and her heirs had only an interest in the proceeds of the sale of the land.    They took as purchasers under the will of Basil Callaham, and Eliza A. Callaham could not, by her act in attempting to devise the land, destroy the gift.    The rule in Shelley's case cannot apply for the further reason that the terms of the will of Basil Callaham wrought an equitable conversion of the land into personality, and her life estate being in the land itself and the remainder in personalty, the two could not unite.    I think

these views are sustained by the cases of *Milhollen* v. *Rice,* 13 W. Va. 510; *Gadsden* v. *Desports,* 39 S. C. 144, 17 S. C. 706; *Walker* v. *Killian,* 62 S. C. 491, 40 S. E. 887; *Wood* v. *Reeves,* 23 S. C. 307. It follows from this that Mrs. Eliza A. Callaham had no power to devise this land to P. C. Temple.

The exceptions were as follows:

The defendant, P. C. Temple, now excepts to the decree of his Honor, Judge Moore, on the following grounds:

I. Because his Honor erred in not holding that the decision of the case of *Callaham* v. *Robinson,* 30 S. C. 249, 9 S. E. 120, was conclusive of the case at bar, and erred in not holding that the questions in this case are *res adjudicata.*

II. Because his Honor erred in holding that Mrs. Eliza A. Callaham took nothing more than a life estate in the two hundred and sixteen acres of land described in the complaint, when he should have held that under the will of Basil Callaham, she took a fee simple estate in said land, or an absolute estate in the proceeds of the land in case it was sold.

III. Because his Honor erred in not holding that the will of Basil Callaham gave to his wife, Eliza A. Callaham, absolutely, one-third of the proceeds of sale of the two hundred and sixteen-acre tract of land described in the complaint in this action, and in the will of Basil Callaham.

IV. Because his Honor erred in holding that the plaintiffs took as purchasers under the will of Basil Callaham, and Eliza A. Callaham could not by her act in attempting to devise the land and destroy the gift, when he should have held that a devise in this case gave Mrs. Eliza Callaham an absolute title to said personal property.

V. Because his Honor erred in holding that the rule in Shelley's case did not apply when he should have held that under the rule in Shelley's case, Mrs. Eliza Callaham took an absolute fee simple estate in said land.

VI. Because his Honor erred in not holding that in a gift to one, or his heirs, the word heirs, is a word of limitation, and not a word of purchase, and the ancestor takes the whole estate.

VII. Because his Honor erred in not holding that where a devise is to one, or his heirs, or to one and his heirs, without being qualified by additional words, then the first taker takes a fee simple estate, and his heirs take nothing.

VIII. Because his Honor erred in not holding that the word "or," as used in the clause "one-third to her or her heirs," should be construed "and."

IX. Because, according to the rules of law, the devise in the will of Basil Callaham in which he provided that after his death the two hundred and sixteen acres of land should be sold by his executors, and one-third to be given to Mrs. Eliza A. Callaham, or her heirs, gave to the said Eliza A. Callaham, an absolute gift of said land or its proceeds, and his Honor erred in not so holding and dismissing the complaint in this action, and rendering the decree in favor of the defendant, P. C. Temple.

X. Because his Honor erred in holding that the rule in Shelley's case could not apply, for the reason that the terms of the will of Basil Callaham wrought an equitable conversion of the land into personalty, and Mrs. Callaham's life estate being in the land itself and remainder in personalty, the two could not unite.

The error being that his Honor having already held that the land became personalty under the terms of the will, and having already held that the plaintiffs took as purchasers, there could be no remainder, and the rule in Shelley's case would apply.

XI. Because his Honor erred in holding that Eliza A. Callaham took no interest under the will of Basil Callaham in the two hundred and sixteen-acre tract of land, which she could devise in fee simple, and that, therefore, the devise to P. C. Temple by Eliza A. Callaham was null

and void, when he should have held that she was the owner in fee simple of one-third of said land, or in case the land was sold, to one-third of the proceeds, and that she had the power to will the same to P. C. Temple, and did so will it, and that P. C. Temple was now the owner of said land, or its proceeds.

*Mr. Wm. N. Graydon,* for appellant, cites: *Rule in Shelley's case:* 29 L. R. A. (N. S.) 963; 28 Mo. 23; 1 Hen. & M. 240; 3 Call. (Va.) 50; 5 Ind. 283; 160 Ind. 119; 12 Ohio 390; 27 Cal. 449; 1 McC. 60, 77; 3 Hill 194; 1 Hill Ch. 35; Bailey Ch. 49; *Id.* 542; 4 S. C. 16; 6 Rich. 138; 125 Ohio 218; 101 N. E. 181; 67 L. R. A. 629; 70 Pa. 335; 114 Pa. 21; 6 Atl. 470; 11 Rich. 394. *Res judicata:* 30 S. C. 249. *Construction of deed:* 1 DeS. 350; 1 Spear L. 258; 1 Bailey 427; 1 Hill 265; 2 Hill Ch. 184; 7 Rich. Eq. 422; 23 S. C. 453; 65 S. C. 396.

*Messrs. Bonham, Watkins & Allen,* for respondents, submit: *Devise by Mrs. Callaham was void:* 39 S. C. 144; 62 S. C. 491; 23 S. C. 387; 90 S. C. 149. *Former action:* 30 S. C. 249.

July 31, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action commenced for the purpose of having the land described in the complaint sold, and proceeds distributed among the parties entitled thereto as claimed in the complaint. The case was referred to the master to take testimony and report to the Court. The case was heard by his Honor, Judge Moore, at the March term of the Court, 1915, who filed a decree finding in favor of the plaintiffs; from this decree P. C. Temple appeals. All questions raised by the appeal relate to the proper construction of the will of Basil Callaham, or rather in regard to

the provision that he made in reference to his wife, Eliza A. Callaham, which is as follows:

"I give and bequeath unto my beloved wife, Eliza A. Callaham, my home tract of land containing one hundred and eighty-six acres; also a tract of land adjoining the home tract, known as the Burton tract, containing about thirty acres, to have and to hold to use and possess during her natural life or widowhood, but in the event she should marry, or if she lives single until she dies, in either case, it is my will that the above named land be sold by my executors hereinafter to be appointed, if either of them be living, and if neither of them be living, then by other proper authorities in law, and proceeds of the sale of land, be divided in the following manner: One-third to her or her heirs, one-third to the children of my son, John William Callaham, now dead, one-third to my daughter, Mary Jane Robinson, now the wife of Hugh Robinson, or if she be dead, to her children that may be living, all to share and share alike."

Mrs. Callaham never married again, and died in the year 1913, leaving of force a will, in which she devised to P. C. Temple, one-third interest in the tract of land devised to her under her husband's will.

In November, 1914, this action was commenced, the plaintiff's claiming that under the will of Basil Callaham, that the wife, Eliza A. Callaham, had nothing in the land but a life estate, and that she had no right to will the same to P. C. Temple.

We see no error on the part of his Honor in making the decree that he did. A proper construction of the will of Basil Callaham shows that he devised: 1. The whole of the two hundred and sixteen acres to his wife, Eliza A. Callaham, for her natural life.

2. If his wife, Eliza A. Callaham, should marry again the two hundred and sixteen acres of land to be sold, and one-third of the proceeds to go to the wife.

3. If wife, Eliza A. Callaham, should die without marrying again, the two hundred and sixteen acres to be sold, and one-third of the proceeds thereof to go to her (the wife's) heirs.

All exceptions are overruled. Judgment affirmed.