16088

DOBSON *ET AL.* v. SMITH *ET AL.*
(48 S. E. (2d) 607)

Mr. *J. R. Folk,* of Edgefield, for Appellants,

Mr. *B. E. Nicholson,* of Edgefield, for Respondents,

The order of Judge Greneker is as follows:

This is an action for specific performance of a contract for the sale of real estate entered into by and between the defendants, as purchasers, and the plaintiffs, as sellers, and comes before me on the pleadings and an agreed statement of facts, counsel for plaintiffs and defendants having agreed on the facts.

The complaint alleges that the plaintiffs are the owners in fee simple of the premises therein described and that they did on the 10th day of October, 1947, enter into a contract, in writing, with the defendants wherein they agreed to sell unto the defendants, and the defendants agreed to purchase the premises in question, at and for the sum of Seven Hundred ($700.00) Dollars, in cash. The complaint further alleges that the plaintiffs did on the 15th day of October, 1947, execute and tender to the defendants a good deed to said premises and demanded the purchase price, but that defendants refused to accept the deed and pay the

purchase price. The defendants in their answer admit the execution of the contract, tender of the deed and their refusal to pay the purchase price and allege that plaintiffs do not hold the fee simple title to said premises and that the tendered deed does not convey to defendants a good marketable title to said premises. The defendants further allege in their answer that the premises sought to be conveyed was owned in fee by Mrs. Emma N. Dobson, the mother of plaintiffs, who died testate on May 15th, 1927, leaving her last will and testament dated September 25, 1922, and that said will, which was duly admitted to probate in the Probate Court of Edgefield County, does not vest such title in plaintiffs to said premises as will permit them to convey a marketable fee simple title to defendants. The answer sets forth in full the last will and testament of Mrs. Emma N. Dobson. Thus it will be seen that the pleadings, together with the agreed statement of facts, which I shall hereinafter refer to, raise the question of what estate in the premises is devised to plaintiffs in and under the will of Mrs. Emma N. Dobson. A determination of this question will dispose of the case and this is the question which this Court must determine.

It is admitted in the agreed statement of facts, and I so find, that Mrs. Emma N. Dobson, died testate in Edgefield County, South Carolina, on May 15, 1927, leaving her last will and testament dated September 25, 1922, which will was duly admitted to probate in common form by the Probate Court of Edgefield County, on September 25, 1927; that Emma N. Dobson at the time of her death, was seized in fee and the owner of one hundred thirteen (113) acres, of land in Edgefield County, near the Town of Edgefield, together with the lot in question, that Mrs. Dobson resided in the dwelling on the acreage near the Town of Edgefield with her three unmarried daughters, Sophie Dobson, Marion Dobson and Grace Dobson, who are the plaintiffs in this action; that the real estate of Mrs. Emma N. Dobson has

very little value from an agricultural standpoint but has a considerable value from the standpoint of salable lots and small parcels for home purposes especially so since a paved highway has been cut through the acreage; that the plaintiff Sophie Dobson is sixty-four years of age and unmarried, that the plaintiff Marion Dobson is fifty-four years of age and unmarried and the plaintiff Grace Dobson is forty-nine years of age and unmarried and none of the plaintiffs have been married; that the three plaintiffs are now and since the death of their mother have been living in the old home house and are without funds to maintain themselves and their home which is in a bad state of repair and the plaintiffs do not have money with which to pay the taxes on the property and are in very bad financial condition so that unless they can sell some of the real estate they will be unable to pay the taxes, repair the house and maintain themselves. Emma N. Dobson at the time of her death and at the time of the making of her will had in addition to the plaintiffs the following living children, her sons, C. R. Dobson, O. L. Dobson, W. R. Dobson and Manly Dobson, and a married daughter, Mrs. Susie D. Strom, all of whom are now living except a son, C. R. Dobson, who has since died leaving a daughter, Mrs. Lois D. Scales, and a son, James Dobson.

The law is well established in this State that the cardinal rule in construction of wills is to ascertain and give effect to the testator's intention as expressed in the words used. *Albergotti et al. v. Summers et al.*, 205 S. C. 179, 31 S. E. (2d) 129; *Jeffords et al. v. Thornal et al.*, 204 S. C. 257, 29 S. E. (2d) 116; and other cases too numerous to recite. Further, rules for interpretation of wills yield to the rule of intention when the intention of the testator is ascertainable and is not illegal, *Jeffords et al. v. Thornal et al., supra.* The presumption in the construction of wills is that the testator intended to dispose of entire estate, *Kirkland et al. v. Moseley et al.*, 109 S. C. 477, 96 S. E. 608.

Further, partial intestacy is not favored, *Free v. Sandifer,* 131 S. C. 232, 126 S. E. 521. Where an estate is given in words of clear and ascertained legal signification, it shall not be enlarged, cut down or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intention, *Peecksen v. Peecksen,* 206 S. C. 497, 34 S. E. (2d) 787; *Walker v. Alverson,* 87 S. C. 55, 68 S. E. 966, 968, 30 L. R. A., N. S., 115; *Adams et al. v. Verner,* 102 S. C. 7, 86 S. E. 211.

Applying the principles stated above to the will under consideration, what do they find? It is apparent from the will as a whole, and all clauses contained therein, that the testatrix was concerned only with the welfare of her three unmarried daughters, namely Sophie Dobson, Marion Dobson and Grace Dobson, who are the plaintiffs in this action. I say this for the reason that her four sons and her married daughter are nowhere mentioned in the will and it is clear to me that it was not the intention of the testatrix to make her sons or the married daughter objects of her bounty for in item one all of her personal property is left to the three unmarried daughters, naming them, and in items two and three, which deal with the testatrix's real esate, only these three unmarried daughters are named and mentioned. It is apparent to me that testatrix desired her real estate to go only for the use and benefit of her three unmarried daughters and be used by them and put to such use by them as would enable them to properly maintain themselves. Having reached the conclusion that it was the intention of the testatrix to devise all of her real estate, which includes the lot in question, to her three daughters alone free from any claims by her remaining children, the question presents itself as to whether the language of the testatrix used in items two and three of her will are sufficient to vest the three daughters with such title as will enable them to convey a marketable fee simple to a would-be purchaser of any of the real estate. It will be observed that

no remainder over to any one else is provided for in the will and to interpret the will as vesting less than a fee simple title in the three daughters would be in effect declaring the testatrix to have died intestate as to the remainder and that she did not dispose of her entire estate.

Item two of the will is as follows:

"I give, devise and bequeath to my three daughters aforesaid, Sophie E. Dobson, Marion May Dobson and Grace Edith Dobson, all the real property of which I shall die seized and possessed or to which I may be entitled at my death, the same to remain intact for the use of my said three daughters, or any one or two of them while single —it being my purpose especially to provide for my single daughter or daughters, but, upon the marriage or death of my last single daughter, then the said real property shall be divided equally between and among my said three daughters, share and share alike, the child or children of any predeceased child or children to take the parent's share."

There is no question that under the law, together with Section 8923 of the 1942 Code, that that portion of item two through the word "death" vests the fee simple title to the real estate in the plaintiffs as tenants in common. The remaining clauses in item two I hold to be so conflicting and such super-added words of doubtful import that they will not cut down or destroy the fee previously granted. The only effect which can be given these words is to show the intention of the testatrix, reading them along with all of the will. To attempt to give them legal significance and to allow them to cut down the fee simple estate previously given would, in my opinion, defeat the expressed intention of the testatrix for the three plaintiffs would be unable to sell any of their real estate and use the proceeds therefrom in maintaining themselves, paying taxes and keeping up the balance of the real estate.

Item three of the will is as follows:

"It is my will that upon the marriage of any one or two of my said daughters, she or they so marrying shall not share in the profits or income from said real property until the marriage or death of my last single daughter."

I hold that this clause is not legally sufficient to cut down the fee previously granted; however, even should we give effect to the expressed words of item three then the marriage of either of the three daughters could only effect a separation of possession so long as the other daughter or daughters remained unmarried. *Rish v. Wingard,* 105 S. C. 38, 89 S. E. 400.

Consistent with my holdings and views expressed, the three plaintiffs holding the fee simple title as tenants in common and all three of them having properly executed the deed to the defendants, I hold that the tendered deed can and does convey to defendants a fee simple marketable title to the lot described therein.

It is therefore ordered that the defendants be, and they hereby are, ordered to comply with the contract of purchase, pay the purchase price of Seven Hundred ($700.00) Dollars to plaintiffs, or their Attorney, and accept the deed heretofore tendered.

June 8, 1948.

STUKES, J.: This case requires the construction of the will of Emma N. Dobson, late of Edgefield, who died May 15, 1927. It was dated September 25, 1922, and is in material part as follows:

"Item One, I give, devise and bequest to my three daughters, Sophie E. Dobson, Marion May Dobson and Grace Edith Dobson, all of my personal property of every nature and kind and wheresoever situate.

"Item Two: I give, devise and bequeath to my three daughters aforesaid, Sophie E. Dobson, Marion May Dobson and Grace Edith Dobson, all the real property of which

I shall die seized and possessed or to which I may be entitled at my death, the same to remain intact for the use of my said three daughters, or any one or two of them while single—it being my purpose especially to provide for my single daughter or daughters, but upon the marriage or death of my last single daughter, then the said real property shall be divided equally between and among my said three daughters, share and share alike, the child or children of any predeceased child or children to take the parent's share.

"Item Three: It is my will that upon the marriage of any one or two of my said daughters, she or they so marrying shall not share in the profits or income from said real property until the marriage or death of my last single daughter."

In addition to the unmarried daughters who are the devisees of all of the real estate there was a married daughter, now living, and several sons, one of whom died after the probate of the will leaving children. These other children (and grandchildren) of the testatrix are not concerned with the will, under its terms, and are not parties to the action.

None of the devisees has ever married and at the time of the commencement of this action were of the respective ages of sixty-four, fifty-four and forty-nine years. They entered into a contract in October, 1947, to sell to the appellants a lot of land in the Town of Edgefield which was included in the foregoing devise of the will of their mother. The purchasers, who are the appellants, refused to comply with their contract of purchase because of their doubt of respondents' ability to convey title in fee simple absolute. Thereupon this suit for specific performance was instituted and the trial court held that fee simple absolute title was vested in the devisees, who are the respondents, by the quoted terms of the will, and specific performance was decreed. Thence came this appeal upon exceptions which in substance raise the question whether title in fee absolute is conveyed by respondents' deed which they have tendered to appellants.

There was error in the judgment under review. The provision of the will which will be applicable upon final division of the property, *viz.,* "the child or children of any predeceased child or children to take the parent's share," is an executory devise (equivalent of an alternative remainder) and will shift the remainder in fee from the heirs, devisees or grantees of a predeceased daughter to her child or children if any, which accords with the testamentary intention expressed. The result is a defeasible fee in remainder in the daughters, who are respondents, and the appellants should not be forced to take the risk of the defeasance however improbable it appears from existing facts.

The foregoing construction is dictated by the principles stated and applied in the following authorities: 19 Am. Jur. 493 and 572 *et seq.,* Estates, Secs. 34 and 116; 31 C. J. S., page 133 *et seq.,* Estates, § 121; Thompson on Wills, 3rd Ed., 511 *et seq.,* Sec. 346; Am. Law Inst. Restatement, Property, Vol. 1, Sec. 46; and annotation, 109 A. L. R. 5, which contains several South Carolina decisions at page 43 *et seq.* which need not be here otherwise cited. To them should be added *Brantley v. Brittle,* 72 S. C. 179, 51 S. E. 561.

We now turn to the other points raised in the appeal. Appended to the devise to the three unmarried daughters of testatrix is the following clause, emphasized by appellants in argument: "the same to remain intact for the use of my said three daughters, or any one or two of them while single," etc. A similar clause occurred in the will which was construed in *Peecksen v. Peecksen,* 206 S. C. 497, 34 S. E. (2d) 787. After the devise of all of testator's property, which consisted largely of realty, to his five children and a grandchild (the child of a predeceased daughter), the provision in the will there was: "to be carried on the same as I have done." That meant that the property should be held intact, as here expressly said; but the court held the words to be of ad-

vice, recommendation or desire, and not a qualification of the estate in fee which had already been devised by the terms of the will. The intent of the testatrix in this case is elucidated by the will itself, in the subsequent provision: "it being my purpose especially to provide for my single daughter or daughters," with the direction following for the equal division upon the marriage or death of the last single daughter. Granting the contention that the direction that the property remain intact so long as one be single is more than advice, recommendation or desire, and that it created a right in the daughters to require the following of it, they (being *sui juris*) can certainly forego the enforcement of the right which was created for their benefit by joining in a conveyance of the property, which they propose to do in this case. We are not dealing with a trust estate, with separation of the legal and equitable titles. The respondents are the owners of the herein defined legal estates in the property by reason of the other provisions in the will whereby it was devised to them. There are no others to complain.

The devise of the fee is further restricted during the life and spinsterhood of any one or more of the daughters. The daughters of the testatrix are thereby at once tenants until an event certain (death) and also vested remaindermen in fee defeasible. As long as single they are in effect life tenants but their life tenancies are terminable by marriage. *Snelling v. Lamar,* 32 S. C. 72, 10 S. E. 825, 17 Am. St. Rep. 835; *Joyce v. Bode,* 74 S. C. 164, 54 S. E. 239; *Hendricks v. Temple,* 101 S. C. 418, 85 S. E. 961. The marriage of one will terminate her "life" estate and right to possession and she will become only a remainderman. A similar will in this feature was construed in *Massey v. Davenport,* 23 S. C. 453. However, a life tenant and a vested remainderman in fee may join in a deed which will effectively convey the fee and therefore, the immediate right to possession; and the principle is applicable here. It is said in 33 Am. Jur. 615, Life Estates,

etc., Sec. 150, *Inter Vivos Alienation*, as follows: "Remaindermen who have a vested remainder in fee, limited upon a precedent life estate, can, with the cooperation of the life tenant, convey a good title to the whole property." The quotation refers, of course, to fee absolute. Here we have a fee defeasible, as has been pointed out, so that estate only can be now conveyed by the devisees.

For the reasons assigned the appellants should not be required to comply with their contract of purchase, and the judgment must be reversed.

FISHBURNE, TAYLOR, and OXNER, JJ., concur.

BAKER, C.J. (dissenting): It is entirely possible, yea even probable, that the prevailing opinion in this case is technically sound in that it is in line with rules of construction heretofore followed, but these rules of construction, while ordinarily unbending, are yet purely arbitrary.

It being obvious that the intent of the testatrix was to, with her limited means, as nearly as possible, provide for her three unmarried daughters (the respondents) so long as they or any one of them remained unmarried; and the chances are so remote as to be almost nil that a child will ever be born to any of them, I am unwilling to become a party to Procrusteanizing the rule of construction applied in the majority opinion.

Every practical consideration, and the equally established rule that the intent of the testatrix should prevail, clamors for an affirmance of the decree of the learned Circuit Judge, and I direct that his said decree be reported as a part of this dissent.